Ambrose Stubblefield v. The State.

No. 7158.   Decided November 29, 1922.
Rehearing granted May 30, 1923.

1.—Theft—Misdemeanor—Complaint—Information.

Where the prosecution is carried on by information, but no complaint was found in the record upon which it should have been based, the prosecution

cannot proceed. However, it appearing that proper complaint had been filed, the appeal is reinstated.

**2.—Same—Continuance—Diligence Used.**

While the diligence used was not perfect, yet under the peculiar facts in the instant case it is deemed sufficient, and the continuance should have been granted, and a refusal to do so was reversible error.

Appeal from the County Court of Hopkins. Tried below before the Honorable Homer L. Pharr.

Appeal from a conviction of misdemeanor theft; penalty, 30 days confinement in the county jail.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is theft, a misdemeanor; punishment fixed at confinement in the county jail for a period of thirty days.

The prosecution is founded upon an information, but no complaint is found. The complaint is essential; it is jurisdictional. The prosecution cannot proceed without it. Code of Crim. Proc., Art. 479; Diltz v. State, 56 Texas Crim. Rep. 127; Vernon's Tex. Crim. Stat., Vol. 2, p. 236, note 3.

The judgment of conviction is reversed and the prosecution ordered dismissed.

*Dismissed.*

ON REHEARING.

May 20, 1923.

MORROW, Presiding Judge.—It appearing that proper complaint has been filed, the State's motion for rehearing is granted and the cause considered on its merits.

The stolen property was an axe belonging to Pink McCullough, whose wagon broke down while he was in the woods. He left his axe in the wagon, and on his return several days later, the axe was missing. It was later found in possession of the appellant. When taxed with the theft, appellant stated that he bought the axe from Jim McCormack. This was denied by Jim McCormack. Appellant was a boy and lived with his parents. The axe, when recovered, was at the woodpile of appellant's father. It was not concealed in any way.

Appellant testified that he had purchased the axe for five dollars

from Jim McCormack without any knowledge of the fact that it had been stolen.

There was impeaching testimony relating to both the State and the appellant's witnesses. Among other things, a witness testified to admissions upon the part of McCormack that the appellant had gotten the axe from him. This was contradicted.

An application for a continuance was made to secure the testimony of Willie Stubblefield. According to the averments she would have testified to facts which showed that Jim McCormack had admitted to her that he had sold the axe in question to the appellant. She had not been subpoenaed but appellant had twice had process issued for her and by mistake the deputy sheriff had destroyed the subpoena without the knowledge of the appellant. The witness, however, while on the way to the trial, was taken sick, and according to her affidavit, attached to the motion for new trial, would have been present but for her sickness.

While the diligence was not perfect, under the peculiar facts it was deemed sufficient. But for the inadvertent destruction of the subpoena the witness would have been subpoenaed and if subpoenaed, she could not have been present owing to her sickness. This was not controverted and must be taken as true, especially in view of her affidavit attached to the motion for new trial. Branch's Ann. Tex. P. C., Sec. 336. While impeaching the witness McCormack, the absent testimony falls within the rule in Koller v. State, 36 Texas Crim. Rep. 499 and in Stewart v. State, 52 Texas Crim. Rep. 100, in that it supports appellant's testimony explaining his possession of the axe and contradicts that of the State's witness who testified that appellant did not purchase the axe from him. Under the facts, we think the court was in error in refusing to grant the application for a continuance.

The State's motion for rehearing is granted, the judgment heretofore rendered is set aside, and the cause is now reversed and remanded.

*Reversed and remanded.*