Marion M. Lewis, County Atty., Goliad, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is operating a motor vehicle upon a public road while intoxicated; the punishment, 3 days in jail and a fine of $50.

■ The evidence from the standpoint of the state is deemed sufficient to sustain the jury's verdict. It consists of testimony of officers who described appellant's appearance and demeanor; their experience in seeing and dealing with intoxicated persons, and their opinion that appellant was intoxicated. There is also evidence sufficient to support a finding that appellant was the driver of an automobile which was involved in a collision on a public road.

■ Several formal bills of exception were filed with the clerk and refused by the trial judge, and his reasons endorsed thereon. Appellant took no further action in regard to these bills, hence the matters complained of therein are not before us. Art. 760d, Vernon's Ann.C.C.P.; Wortham v. State, Tex.Cr.App., 333 S.W.2d 158; Prince v. State, Tex.Cr.App., 336 S.W.2d 140; Willis v. State, Tex.Cr.App., 336 S.W. 2d 425; Alston v. State, Tex.Cr.App., 338 S.W.2d 723.

Two formal bills were approved, neither of which presents error.

The statement of facts is in narrative form and no informal bills are before us.

The judgment is affirmed.

**Bill MITCHELL, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 32515.

Court of Criminal Appeals of Texas.

Nov. 23, 1960.

Douglass, Thompson & Douglass, by Malcolm C. Douglass, Pampa, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The complaint as it appears in the transcript bears the jurat of the County Attor-

ney "Sworn to and subscribed before me this the 5th day of *January*, A.D. 1960."

The complaint alleges that the offense was committed "on or about the 4th day of February, A.D., 1960, and before the making and filing of this complaint."

The State does not seek an affirmance of the conviction, the date on or about which the offense was alleged to have been committed being subsequent and not anterior to the date the complaint was sworn to.

The judgment is reversed and the cause remanded.