**W. H. HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36019.

Court of Criminal Appeals of Texas.

Nov. 6, 1963.

Rehearing Denied Dec. 18, 1963.

Boulter, Fowler & Tunnell, by Joe Tunnell, Tyler, for appellant.

W. E. Coats, Jr., Dist. Atty., R. S. Burrus, Asst. Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony offense of receiving and concealing a stolen camera; the punishment, four years.

The evidence shows the taking from a store of a camera of the value of more than fifty dollars on December 11, 1962. About three days after the loss of the camera Ike Young and Charles Turner were apprehended by officers, and they confessed to the officers that they took the camera in question. Young testified that he and some other boys had previously sold the appellant "some stuff"; that he asked when they were going to get him "some more stuff" and told them where they could get it; that they sold appellant the camera involved in the instant case for seven dollars. The written confession of Charles Turner was introduced in evidence by the state and in substance it contains the same facts showing the theft of the camera as the testimony of Young.

Officer Sides testified that shortly after Young's arrest they went to a store other than the one that lost the camera, that "when we walked into the store, I asked Ike Young which man did he sell the camera to, and he pointed to Mr. Hall (appellant), and Mr. Hall was standing there, and I asked him about the camera and he said yes, he bought it, pulled it out of the counter and handed it to me."

The appellant did not testify or offer any evidence except that of several reputation witnesses.

Appellant challenges the sufficiency of the evidence to corroborate the testimony of Young and the written statement of Turner on the ground they were accomplices.

The trial court charged the jury that Young and Turner were accomplices.

A conviction cannot be sustained upon the testimony of one or more accomplices unless corroborated by other evidence tending to connect the accused with the offense charged; and the corroboration is not enough if it merely shows the commission of the offense. Art. 718, Vernon's Ann.C.C.P.

It is essential in a prosecution for receiving and concealing stolen property that the thief must be corroborated both as to the theft and the receiving and concealing by the accused from the thief, with knowledge that the property was stolen. Colley v. State, 140 Tex.Cr.R. 34, 143 S.W.2d 597.

Excluding from the case the testimony of the accomplice Young and the written statement of the accomplice Turner, there is only the bare possession of the camera, with the explanation that he bought

it, to connect the appellant with the commission of the offense charged. Castleberry v. State, 35 Tex.Cr.R. 382, 33 S.W. 875; Hagan v. State, 132 Tex.Cr.R. 338, 104 S.W.2d 857; 5 Branch 2d 164, Sec. 2723.

The evidence is insufficient to warrant the conviction of the appellant of receiving and concealing stolen property knowing that it was stolen.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.