**William E. THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44443.

Court of Criminal Appeals of Texas.

Dec. 23, 1971.

Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for driving a motor vehicle on a public highway while intoxicated; the punishment, thirty days in jail and a fine of $200.00.

The complaint appearing in the record bears the jurat of the Assistant District Attorney "Sworn to and subscribed before me this 16th day of June, A.D. 1970."

The complaint alleges that the offense was committed "on or about the 24th day of September, A.D. 1970."

The information based on the complaint alleges the offense was committed "on or about the 24th day of September, A.D. 1969."

The date on or about which the offense was alleged to have been committed being subsequent and not anterior to the date the complaint was sworn to renders

the complaint fatally defective. Hall v. State, 373 S.W.2d 252 (Tex.Cr.App.1963) and Mitchell v. State, 170 Tex.Cr.R. 255, 340 S.W.2d 301 (1960).

 The variance between the complaint and the information as to the date when the offense was committed is fatal to the validity of the information. Beasley v. State, 397 S.W.2d 454 (Tex.Cr.App.1966) and Wheat v. State, 172 Tex.Cr.R. 259, 356 S.W.2d 323 (1962) and the cases cited therein.

 In the interest of justice the fundamental errors which have been designated above but which were not assigned as grounds of error in a brief filed in the trial court have been considered under the provisions of Art. 40.09, Sec. 13, Vernon's Ann.C.C.P.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.