**Obed Lujan AGUILAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00150–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 6, 1991.

Robert V. Garcia, Jr., Garcia & Leahey, Odessa, for appellant.

Tracey Bright, County Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for driving while intoxicated. The jury assessed punishment at confinement in the county jail for two years and a fine of $2,000.00. We reverse.

■ Point of Error No. One asserts that the conviction is void because the information is founded upon a fatally defective underlying complaint. Tex.Code Crim.Pro. Ann. art. 21.22 (Vernon 1989). In this case, the body of the complaint alleged an offense date of March 5, 1988, "before the making and filing of this complaint". The jurat, however, reflected that the complaint was sworn on January 16, 1988, a date prior to the alleged offense date. Such a discrepancy renders the complaint invalid and vitiates the resulting information and conviction. *Davis v. State*, 503 S.W.2d 241 (Tex.Crim.App.1974); *Thomas v. State*, 474 S.W.2d 236 (Tex.Crim.App.1971); *Hall v. State*, 373 S.W.2d 252 (Tex.Crim.App.1963).

■ The State asserts that it is plain that the year stated in the jurat is a clerical error and should be disregarded in favor of the obviously correct year of 1989. The same could be said with regard to any of the previously cited cases. *See also Bradshaw v. State*, 156 Tex.Crim. 441, 243 S.W.2d 586 (1951); *Warner v. State*, 74 Tex.Crim. 209, 167 S.W. 1109 (1914). While there may have been a clerical error in this regard, it is not such an obvious one that it can be presumed and disregarded at the appellate level. Compare *Baity v. State*, 455 S.W.2d 305 (Tex.Crim.App.), *cert. denied*, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970) (year indicated "19561" instead of 1961).

■ We also cannot accept the State's suggestion that the allegation in the body of the complaint that the offense was committed "before the making and filing of this complaint" controls over the content of the jurat, and that the defect was "only" in the jurat. As a valid complaint is essential to a valid information, a proper jurat is essential to a valid complaint. *Shackelford v. State*, 516 S.W.2d 180 (Tex.Crim.App. 1974). The recitals in the jurat control over those in the body of the complaint. *Lanham v. State*, 9 Tex.App. 232 (1880) (jurat date thirteen days before offense date alleged in the body). In both *Davis* and *Mitchell v. State*, 170 Tex.Crim. 255, 340 S.W.2d 301 (1960), the opinions quote similar language from the bodies of the complaints under review, but in neither case was this sufficient to override the discrepancy with the jurat dates.

■ The State cites Tex.Code Crim.Pro. Ann. art. 21.19 (Vernon 1989) with regard to the inconsequential effects of defects of form that do not prejudice substantial rights of the accused. Article 21.19 is not applicable unless the reviewing court can with assurance conclude that the error is one of form only, i.e., clerical or typographical, which as stated above, is not possible in this case. The cited authorities are old, but their age reflects not questionable validity but the virtual elimination of this type of error by prosecuting authorities over the intervening years. This Court is in no position to overturn a long-standing line of authority from the Court of Criminal Appeals which is precisely on point with the present error.

■ The Court has also considered the impact of *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App., 1990) and the 1985 amendments to Article V, Section 12 of the Texas Constitution and Article 1.14 of the Code of Criminal Procedure. We have concluded that these authorities do not change the result we have reached. The constitutional and statutory changes addressed in *Studer*

relate to defects in indictments or informations, i.e., "charging instruments", particularly the sufficiency of the substantive allegations they present. The present defect is in the underlying complaint, which in class A and B misdemeanors is not the charging instrument. The present defect would not appear on the charging instrument and is not subject to the provisions of Article 1.14 or Article V, Section 12 of the Texas Constitution. Nor does the present defect concern notice to the accused. It relates to the process by which the charging instrument was generated and therefore relates to the jurisdiction of the trial court in the face of a void pleading. Both the majority and concurring opinions in *Studer* acknowledge the frequency with which Texas courts have interchangeably utilized phrasings of substantive defect and fundamental or jurisdictional defect. Prior to the 1985 amendments, substantive defects were fundamental and could be raised for the first time on appeal. The 1985 amendments did not, however, change the fact that there are other fundamental or jurisdictional defects which may still be raised for the first time on appeal, having nothing to do with the adequacy of the body of the pleadings in the charging instrument. The validity of the complaint underlying a misdemeanor information is analogous to the propriety of the grand jury review, deliberation and decision which underlies the return of a true bill of indictment. The 1985 amendments and the analysis in *Studer* do not stand for the proposition that defects in the process by which a charging instrument must be generated are waived in the absence of timely trial court objection. In the case of an indictment, the fact that fewer than the required number of grand jurors voted in favor of a true bill, failure of the actual foreman to deliver the bill, forgery of the foreman's signature or even inadvertent signing and returning of a bill in a case not reviewed by the grand jury are fundamental defects in the charging instrument process which would vitiate the instrument, vitiate trial court jurisdiction and be subject to first complaint on appeal despite the failure to present objection prior to trial on

the merits. The defect in the underlying complaint in this misdemeanor case is analogous to those types of jurisdictional defects. Point of Error No. One is sustained.

Point of Error No. Two is not reached given our disposition of the preceding complaint.

The judgment is hereby reversed and the cause dismissed without prejudice.