**Obed Lujan AGUILAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 358–91.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 20, 1993.

Robert V. Garcia, Jr., Odessa, for appellant.

Tracey Brigth, City Atty., Odessa, Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

In January 1989, appellant Obed Lujan Aguilar was charged by information in Ector County with driving while intoxicated, conduct which is prohibited by Article 6701 *l*–1(b) of our state's Revised Civil Statutes. In December of that year, a jury found appellant guilty as charged and assessed his punishment at confinement in the county jail for two years and a fine of $2,000. The Eighth Court of Appeals later reversed the trial court's judgment of conviction, holding that the complaint underlying the information was void. *Aguilar v. State*, 810 S.W.2d 230 (Tex.App.—El Paso 1991). We granted the State's petitions for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(2), to determine whether the court of appeals erred in holding that an appellant may raise the invalidity of a complaint underlying an information for the first time on appeal.[1] We will reverse the judgment of the court of appeals.

---

**1.** In particular, the State Prosecuting Attorney's grounds for review are as follows:

(1) Pursuant to Tex. Const. Art. V, Sec. 12(b) and Tex.Code Crim.Proc.Ann. Art. 1.14(b), can a

The body of the complaint in question alleged that appellant engaged in the prohibited conduct on or about *March 5,* 1988. The jurat of the complaint stated, however, that the complaint was sworn out on *January 16,* 1988, a date well before the alleged offense date. Despite this temporal discrepancy in the complaint, appellant did not file a pretrial motion to quash the information, as would have been his right under *Davis v. State,* 503 S.W.2d 241 (Tex.Cr. App.1974) (holding that such temporal discrepancies invalidate complaints), and Article 27.03 of the Texas Code of Criminal Procedure.[2]

Appellant first complained of the discrepancy in the complaint in his brief to the court of appeals. He argued there that the discrepancy rendered the complaint "fundamentally defective" and void, and that the information was also void because it was not supported by a valid complaint. Citing *Davis v. State,* he argued further that the void complaint and information necessitated the reversal of his conviction and the dismissal of the prosecution.

The court of appeals accepted appellant's argument, explaining:

> [The temporal] discrepancy renders the complaint invalid and vitiates the resulting information and conviction. *Davis v. State,* 503 S.W.2d 241 (Tex.Crim.App. 1974)....
>
> \* \* \* \* \* \*
>
> The Court has also considered the impact of ... the 1985 amendments to Article V, Section 12 of the Texas Constitution and Article 1.14 of the Code of Criminal Procedure. We have concluded that these authorities do not change the result we have reached. The constitutional

and statutory changes ... relate to defects in indictments or informations, i.e., "charging instruments," particularly the sufficiency of the substantive allegations they present. The present defect is in the underlying complaint, which in class A and B misdemeanors is not the charging instrument. The present defect would not appear on the charging instrument and is not subject to the provisions of Article 1.14 or Article V, Section 12 of the Texas Constitution. Nor does the present defect concern notice to the accused. It relates to the process by which the charging instrument was generated and therefore relates to the jurisdiction of the trial court in the face of a void pleading.

*Aguilar v. State,* 810 S.W.2d at 231–232.

In its brief to this Court, the State concedes that the complaint was invalid but argues that any jurisdictional problem created by that invalidity was cured, under Texas Constitution art. 5, § 12(b), when the information was presented to the trial court. Article 5, § 12(b), as amended in 1985, provides:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendments, sufficiency, and requisites, are as provided by law. *The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.*

---

defendant object to an information for the first time on appeal on grounds that it was based upon a defective complaint?
(2) Pursuant to Tex. Const. Art. V, Sec. 12(b), does the presentment of an information to a court invest the court with jurisdiction of the cause?
(3) May a defendant object to a non-jurisdictional defect in a complaint for the first time on appeal?

**2.** Article 27.03 provides in relevant part:

> In addition to any other grounds authorized by law, a motion to set aside an indictment or information may be based on the following:
> (1) That it appears by the records of the court that the indictment was not found by at least nine grand jurors, or that *the information was not based upon a valid complaint....*

(Emphasis added.)

(Emphasis added.) Appellant counterargues that Article 5, § 12(b), is "simply inapplicable here" because it does not deal explicitly with complaints.

 The court of appeals was correct in noting that this Court has held that a complaint underlying an information is invalid—and thus will not support the information—if the complaint alleges the offense was committed on a date *after* the date on which the complaint was sworn. See, e.g., *Davis v. State*, 503 S.W.2d 241; *Thomas v. State*, 474 S.W.2d 236 (Tex.Cr. App.1971); *Hall v. State*, 373 S.W.2d 252 (Tex.Cr.App.1963); *Mitchell v. State*, 170 Tex.Crim. 255, 340 S.W.2d 301 (App.1960); *Bradshaw v. State*, 156 Tex.Crim. 441, 243 S.W.2d 586 (App.1951). We have also held—sometimes explicitly, sometimes implicitly—that such invalid complaints and informations constitute "fundamental," "jurisdictional" error which may be raised for the first time on appeal. *Davis v. State*, 503 S.W.2d 241; *Thomas v. State*, 474 S.W.2d 236; *Hall v. State*, 373 S.W.2d 252; *Mitchell v. State*, 170 Tex.Crim. 255, 340 S.W.2d 301; *Bradshaw v. State*, 156 Tex.Crim. 441, 243 S.W.2d 586; *Campos v. State*, 139 Tex.Crim. 411, 141 S.W.2d 344 (App.1940); *Stubblefield v. State*, 94 Tex. Crim. 444, 252 S.W. 563 (App.1922). Thus, as the court of appeals recognized, under the holdings in these cited cases an invalid complaint necessitates the reversal of a conviction because of a lack of trial court jurisdiction over the defendant's person.

The court of appeals failed to fully appreciate, however, the fact that all these cases predated the 1985 amendment to Texas Constitution art. 5, § 12(b).[3] Now, under the explicit terms of the constitution itself, the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint. See

*State v. Hall*, 829 S.W.2d 184, 188 (Tex.Cr. App.1992); *Studer v. State*, 799 S.W.2d 263, 269 (Tex.Cr.App.1990). Defects in complaints, such as the one here, must now be raised before trial pursuant to Article 27.03; they are no longer "jurisdictional" in the traditional sense.

Appellant has never claimed that the information in this cause was not in fact an information for the purposes of Texas Constitution art. 5, § 12(b). We must assume, therefore, the presentment of the information to the trial court invested that court with jurisdiction over appellant's person, and the court of appeals erred in holding otherwise.

The judgment of the court of appeals is REVERSED and the cause REMANDED to that court for consideration of appellant's remaining point of error.

CLINTON, Judge, dissenting.

Today the majority presents yet another "Son of Studer."

*Studer v. State*, 799 S.W.2d 263 (Tex.Cr. App.1990), stands for the proposition that although an "information" which fails to allege necessary matters the Legislature has duly prescribed is facially "substantively defective," nonetheless "[o]nce presented to the trial court 'by an attorney for the State' the trial court obtained jurisdiction of the cause" solely because the accused "failed to make any pre-trial objection to the substance error in the information." *Id.*, at 273. In other words, a trial judge may hail to court, try, convict and punish a citizen on an invalid information unless at least a day before trial the citizen protests that the *prosecution* is about to violate the law.

Today, however, it is not that the *information* is facially defective in any respect. The more fundamental problem is that the

---

**3.** We do not hold today that the cases relied upon by the court of appeals (*Davis, Thomas*, etc.) were wrongly decided or that they are now overruled *in toto*. Indeed, if, in the instant case, appellant had lodged an objection *before trial* that was similar in tenor to the objection he lodged for the first time on appeal, he might well have prevailed under that line of cases.

But the Legislature, by way of the 1985 constitutional and statutory amendments, has altered the traditional notion of jurisdiction that was explicated in those cases. It was the express intent of the Legislature and the people of Texas in 1985 to alter that traditional notion in cases where there was a procedural default at the trial level.

underlying *complaint*—the *sine qua non* of a valid information, with good reason— is fatally defective.* Therefore, while proper on its face, the information is actually null and void for want of a valid predicate complaint. *Shackelford v. State,* 516 S.W.2d 180 (Tex.Cr.App.1974); Articles 15.04, 15.05 and 21.22, V.A.C.C.P. Thus without a proper complaint made by a credible person the assistant county attorney who signed and presented the information is in a very real sense both the accuser and the prosecutor.

For those reasons, as well as on the strength of the analysis made by the court of appeals, *Aguilar v. State,* 810 S.W.2d 230, at 231–232 (Tex.App.—El Paso 1991), I dissent to stretching and extending the *Studer* construction to excuse prosecutorial blunders and the consequential violations both of first principles in our jurisprudence and of due process and due course of law guaranteed by our Federal and State Constitutions.

BAIRD, Judge, dissenting.

I disagree with the proposition that a defective complaint has no effect on the validity of an information. We recently held:

> ... our state constitution assigns the law*making* function to the Legislature while assigning the law *interpreting* function to the Judiciary.

---

* The good reason is that a complaint must be made and sworn to by "some credible person" other than the prosecutor, Article 21.22, V.A.C.C.P., in order to prevent the vice of same person being both accuser and prosecutor in a misdemeanor case. *Wells v. State,* 516 S.W.2d 663, at 664 (Tex.Cr.App.1974); *Kennedy v. State,* 161 Tex.Cr.R. 303, 276 S.W.2d 291, at 294 (1955); *Flournoy v. State,* 51 Tex.Cr.R. 29, 100 S.W. 151 (1907). The late Presiding Judge Morrison explained the sound policy considerations behind the rule, *viz:*

> "... Our law consists of numerous interlacing checks and balances which must always be maintained in order to preserve our constitutional form of government. If one assistant district attorney signs a complaint, another signs the information, and a third directs the prosecution, then the accused has actually been placed on trial by the act of one man, their principal, the district attorney.

*Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Cr.App.1991) (emphasis in original). Because Texas Constitution art. 5, § 12 and Tex.Code Crim.Proc.Ann. art. 1.14 do *not* address complaints, I dissent to the legislative efforts of the majority.

## I.

The facts are not in dispute. A complaint was filed charging appellant with driving while intoxicated. The complaint, executed on *January 16, 1988,* alleged the defendant committed this offense "on or about the *5th day of March, A.D.1988."* [1] Prior to today, such a defect was fatal and rendered the information void. In *Davis v. State,* 503 S.W.2d 241 (Tex.Cr.App.1974), we stated:

> The date on or about which the offense was alleged to have been committed being subsequent to the date the complaint was sworn to renders the complaint fatally defective.

> An information is void which is based upon a fatally defective complaint.

*Id.* [citations omitted]. *See also, Thomas v. State,* 474 S.W.2d 236 (Tex.Cr.App.1971); *Hall v. State,* 373 S.W.2d 252 (Tex.Cr.App. 1963); *Mitchell v. State,* 170 Tex.Crim. 255, 340 S.W.2d 301 (App.1960); *and Bradshaw v. State,* 156 Tex.Crim. 441, 243 S.W.2d 586 (App.1951). Based upon this authority, the Court of Appeals held the trial court lacked jurisdiction to hear appellant's case. *Agui-*

> "... To hold that one individual might be the accuser and the prosecutor in misdemeanor cases would certainly be contrary to the policy of our law to protect its citizens from the inherent dangers arising from the concentration of power in any one individual.

> "It is apparent that our procedure, which authorizes prosecutions by information presented by the prosecuting attorney, is bottomed on the proposition that there must be a supporting affidavit, without which an information cannot be lawfully presented. In other words, a prosecuting attorney is not authorized to institute prosecutions in the county court upon his independent act or of his own volition. Federal procedure is in keeping with that rule, as also was the rule at common law."

*Id.,* 276 S.W.2d at 294.

1. Unless otherwise indicated, all emphasis herein is supplied by the author.

*lar v. State*, 810 S.W.2d 230 (Tex.App.—El Paso 1991). *See, Davis*, 503 S.W.2d at 241.

## II.

With its blinders firmly in place, the majority bases its opinion solely upon the 1985 amendment to art. 5, § 12(b) and, in so doing, ignores the precedent cited above as well as Tex.Code Crim.Proc.Ann. art. 1.14, and other relevant portions of the Code of Criminal Procedure. Art. 5, § 12(b) provides:

> (b) An *indictment* is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An *information* is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of *indictments and informations*, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an *indictment or information* to a court invests the court with jurisdiction of the cause.

Texas Constitution, art. 5, § 12.

Art. 1.14, as amended in 1985, became the enabling legislation for art. 5 § 12. Art. 1.14(b) provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an *indictment* or *information* before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this Code.

In *Studer v. State*, 799 S.W.2d 263, 273 (Tex.Cr.App.1990), we interpreted art. 1.14 and art. 5, § 12 and held a defect in a charging instrument is waived if the defendant fails to raise the issue in the trial court. Our prior case law was overruled so far as it held a defect in a charging instru-

ment deprived the trial court of jurisdiction. *Id.*

## III.

The majority fails to discuss the enabling legislation to avoid the policy of statutory interpretation we adopted in *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App.1991). In *Boykin* we stated:

> When attempting to discern the collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. We do this because the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law.

> \* \* \* \* \* \*

> ... Yet a third reason for focussing on the literal text is that the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted.

> \* \* \* \* \* \*

> If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then*, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such *extra* textual factors as executive or administrative interpretations of the statute or legislative history.

> \* \* \* \* \* \*

> [footnote 4, pg. 786] Although Section 311.023 of the Texas Government Code invites, but does not require, courts to consider extratextual factors when the statutes in question are *not* ambiguous, such an invitation should be declined for

the reasons stated in the body of this opinion. [Citations omitted.]

*Boykin,* 818 S.W.2d at 785–786 (emphasis in original).

Art. 1.14 is *clear and unambiguous;* only indictments and informations are addressed. Complaints are *not* included within art. 1.14. As previously noted, an information is "a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense." Art. 5, § 12. Additionally, Tex.Code Crim.Proc.Ann. art. 21.20 defines an information as

> ... a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

Art. 21.22, entitled "Information Based Upon Complaint," provides:

> No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

Tex.Code Crim.Proc.Ann. art. 21.22. Furthermore, Tex.Code Crim.Proc.Ann. art. 15.04, provides "[t]he affidavit made before the magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense." Clearly, complaints and informations are separate and distinct instruments.

As Art. 5, § 12 and art. 1.14 do not address defective complaints, the case law concerning defective complaints was *not* overruled by art. 5, § 12, art 1.14(b) or *Studer.* Therefore, the Court of Appeals correctly relied upon that authority.

By including complaints within the ambit of art. 5, § 12 and art. 1.14, the majority has violated the policy of statutory interpretation established in *Boykin, supra. See also, Coit v. State,* 808 S.W.2d 473, 475 (Tex.Cr.App.1991) ("With rare exceptions, courts must apply penal statutes exactly as they read."); *Smith v. State,* 789 S.W.2d 590, 592 (Tex.Cr.App.1990) ("... When a statute is clear and unambiguous, this Court will not strain that plain meaning of the wording in order to give the statute a 'desirable' reading."); *and, Faulk v. State,* 608 S.W.2d 625, 631 (Tex.Cr.App.1980) ("The cardinal rule of statutory interpretation is to ascertain the legislative intent in enacting a statute. Such intent and a determination of the meaning of a statute is to be based upon the language of the statute itself. [Citations omitted.]").

### IV.

By definition, an information cannot be filed unless a complaint has been made. Art. 21.22. Therefore, an information based upon a defective complaint is void. *See, Davis, supra.* Yet the majority confers jurisdiction in the trial court simply because an information was filed, wholly ignoring the requirement of a complaint. The Court of Appeals correctly held:

> ... The 1985 amendments and the analysis in *Studer* do not stand for the proposition that defects in the process by which a charging instrument must be generated are waived in the absence of timely trial court objection.

*Aguilar,* 810 S.W.2d at 232.

Under the majority's opinion, the State is now free to decide whether the filing of a complaint has become too burdensome. Unless the defendant objects, a complaint is no longer required. This is not what the Legislature contemplated in the passage of the proposed amendment (or enabling legislation) and not what was intended by the voters when they ratified the proposed amendment.[2] To the contrary, the Legisla-

---

**2.** The amendment to Art. 5, § 12 was proposed Amendment 11 on the ballot for the general election held November 5, 1985. The "Voters Guide" distributed to the public by the League of Women Voters of Texas described the amendment as follows:

> Presently, the constitution guarantees anyone accused of a crime the right to know the nature and cause of the accusation and to have a copy of the accusation. The same article also says that no person may be tried for a felony offense unless indicted by a

ture was concerned that these constitutional and statutory changes were going to encourage prosecutors to be "lazy." Today the majority strains to protect "lazy prosecutors" in areas never contemplated by the Legislature or the voters of this State.[3]

Today, the majority by abandoning the policy of statutory interpretation announced in *Boykin* expands the scope of art. 5, § 12 and art. 1.14 and implicitly overrules art. 21.22 (which requires an information to be based upon a complaint). Because the majority has undertaken such a legislative effort, rather than hand down this opinion, it should be sent to the Governor for her signature or veto.

grand jury. Article 5, section 12 presently provides that all prosecutions must be carried out "in the name and by the authority of the State of Texas" and must conclude with the words "Against the peace and dignity of the State."

Passage of the amendment would eliminate the specific words in Article 5, section 12 and add subsection (b) which defines an *indictment* as a criminal charge presented by a grand jury and an *information* as a criminal charge brought by a prosecutor. The practice and procedures relating to such charging instruments would be provided by law. (The legislature provides the law.) Presenting an indictment or information invests the court with jurisdiction of the cause.

(Emphasis in original.)

3. At the Senate Criminal Justice Committee hearing on Senate Bill 169, March 5, 1985, Senator Glasgow made the following comments:

Let me be real candid with you counsel, I'm for this bill and I'm for doing this, and I don't know that this is the way to do it but to do it, because we're interrupting the criminal law process. I was a prosecutor for eight years and I know the biggest problem caused by this is lazy prosecutors that are not doing indictments the way they ought to be done. Now those indictments are not that hard to draw and prosecutors are just drawing bad indictments, sometimes by incompetence, sometimes by a mistake. If all district attorneys would draw those things the way they should be drawn in the first place, it wouldn't be a problem. But we can't legislate wisdom in this committee and so I'm for your bill trying to solve some of these problems that get us where we need to go. But I do want you to recognize, and they're all my good friends, that the majority of these problems is because of the prosecutors....

At the House Criminal Jurisprudence Subcommittee meeting on House Bill 12 and House Bill 366 on March 6, 1985, the following occurred:

Rep. Evans: Well, shouldn't the prosecutor, since he knows what he's doing, have the obligation and the duty and the responsibility to write the indictment right from the beginning? Shouldn't that be the case?

Rep. Morales: Absolutely....