**Terry Lee ISENBERG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–92–00480–CR.**

Court of Appeals of Texas, San Antonio.

May 12, 1993.

Robert A. Denson, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before BUTTS, PEEPLES, and RICKHOFF, JJ.

## OPINION

BUTTS, Justice.

Appellant was charged with driving while intoxicated. The indictment also alleged that he had two previous convictions for DWI. Appellant filed a motion to quash the indictment on the ground that one of the prior convictions was void and, therefore, the court lacked felony jurisdiction. The court denied the motion and appellant subsequently pleaded guilty pursuant to a plea bargain. In his sole point of error, appellant contends that the court erred in entering judgment because it lacked felony jurisdiction. We affirm.

Appellant asserts that one of his prior convictions was void because the jurat on the complaint which supported the information underlying that conviction was signed

by the "Attorney for the State." [1] The Austin Court of Appeals has held that such a signature renders the complaint void. *See State v. Pierce,* 816 S.W.2d 824 (Tex. App.—Austin 1991, no pet.). Like the present case, the jurat in the complaint in *Pierce* was signed by an "Attorney for the State." The court stated that article 21.22 of the code of criminal procedure "grants limited authority to district and county attorneys to take the oath to a complaint upon which an information may be based." *Id.* at 827; *see* TEX.CODE CRIM.PROC.ANN. art. 21.22 (Vernon 1989). The court further noted that the statutory list of persons who generally may administer oaths does not include district or county attorney, or "attorney for the state." *Pierce v. State,* 816 S.W.2d at 827; *see* TEX.REV.CIV.STAT. ANN. art. 26 (Vernon Supp.1993).

The *Pierce* court held that "attorney for the state" is simply a generic term and that the jurat on the subject complaint was therefore not sufficient. *Pierce,* 816 S.W.2d at 828–29. Because the complaint was not valid, the trial court properly granted the defendant's motion to quash the information. *Id.* at 830.

*Pierce* is distinguishable from the present case because it involved a direct attack on the information; the defendant properly challenged the defect in the complaint before trial. In the present case, there is no indication in our record that appellant challenged the sufficiency of the prior complaint at the time the prior case went to trial, or even upon appeal from that conviction. It appears that appellant raised the defect in that complaint for the first time before the trial court in the present case, some three years after the fact.

The court of criminal appeals has recently held that since the 1985 amendment to article V, section 12(b) of the Texas Constitution,

the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint.... Defects in complaints ... must now be raised *before trial* pursuant to Article 27.03 [of the code of criminal procedure]; they are no longer "jurisdictional" in the traditional sense.

*Aguilar v. State,* 846 S.W.2d 318, 320 (Tex. Crim.App.1993) (emphasis added). The defect involved in *Aguilar* was that the jurat of the complaint stated that it was sworn out on a date prior to the date of the alleged offense. *Id.* at 319. The defendant raised the invalidity of the complaint for the first time on appeal of his conviction. *Id.* at 318. The court of criminal appeals held that the error was waived and that the trial court had acquired jurisdiction by presentment of the information. *Id.* at 320.

The case at bar is controlled by the holding in *Aguilar.* Because appellant did not raise the defect in the underlying complaint before trial in the prior case, [2] the presentment of the information in that case invested the trial court with jurisdiction. Thus, the prior conviction was not void. Because the prior conviction was not void, the court in the present case properly denied the motion to quash the present indictment.

Appellant's sole point of error is overruled. The judgment is affirmed.

---

1. The information was also signed by the "Attorney for the State," but the body of the information specifically identifies that attorney as the County Attorney of the County of Kerr. Appellant does not challenge the sufficiency of the information.

2. The case before us presents an even more compelling circumstance for finding waiver than that presented in *Aguilar.* The defendant in *Aguilar* at least raised the defect in a direct appeal from his conviction. As noted above, our appellant did not raise the defect until this collateral attack.