Ronald P. STASNY, Appellant,

v.

The STATE of Texas, Appellee.

No. 0481–94.

Court of Criminal Appeals of Texas, En Banc.

Nov. 22, 1995.

Discretionary Review Refused Nov. 22, 1995.

C. Gerard Miller, Jr., Corpus Christi, for appellant.

Jim W. James, Special Prosecutor, Bryan, Robert A. Huttash, State's Atty., Austin, for State.

BAIRD, Judge, dissenting to refusal of appellant's petition for discretionary review.

Appellant filed his petition for discretionary review on May 9, 1994. Today, eighteen months later, a majority of this Court opts to refuse the petition. In doing so, the majority does not address appellant's question for review which asks: Is a complaint so fundamentally defective as to be null and void if it does not begin with "in the name and by authority of The State of Texas" and conclude with "against the peace and dignity of the State" as required by Tex.Code Crim. Proc.Ann. art. 1.23?

In the instant case, even though appellant did not challenge the validity of the complaint prior to trial, the Court of Appeals held the prosecution was null and void because the complaint did not comply with art. 1.23. *Ex parte Stasny,* No. 13–93–019–CR, delivered February 28, 1994 (not published). The Court of Appeals relied upon *Ex parte Jackson,* 50 Tex.Crim. 324, 96 S.W. 924, 925 (App.1906), to reach this result. While recognizing the 1985 amendment to art. V,

§ 12 of the Texas Constitution, the Court of Appeals nevertheless held a complaint that did not comply with art. 1.23 was so defective as to not vest the justice court with jurisdiction.

In *Studer v. State,* 799 S.W.2d 263 (Tex.Cr. App.1990), we held the 1985 constitutional amendment applied to all charging instruments. On the strength of *Studer,* we held that post–1985 defects in complaints must be raised before trial pursuant to Tex.Code Crim.Proc.Ann. art. 27.03 because such defects were no longer jurisdictional. *Aguilar v. State,* 846 S.W.2d 318, 320 (Tex.Cr.App. 1993). Consequently, the decision of the Court of Appeals in the instant case is in direct conflict with *Aguilar* and review should be granted. Tex.R.App.P. 200(c)(3).

However, that is not the only conflict. In *Huynh v. State,* 901 S.W.2d 480, 481 (Tex.Cr. App.1995), we stated that our language in *Studer,* implying that the constitutional amendment related to all charging instruments, was "over-broad," and held the 1985 amendment to art. V, § 12 was limited to defects in indictments and informations. *Ibid.* Consequently, *Huynh* permits defendants to contest the validity of a complaint for the first time on appeal.

Not only does the Court of Appeals' opinion conflict with *Aguilar,* we have a conflict in our own interpretation of art. V, § 12 as to whether it applies to complaints; in *Aguilar,* it does, in *Huynh,* it does not. Because the majority does not take this opportunity to resolve this obvious conflict in our jurisprudence, I dissent to the refusal of appellant's petition for discretionary review.