TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00245-CR

Bonnie Diggins White, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 45,703, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

PER CURIAM

Appellant pleaded guilty to an information accusing her of delivering less than one gram of
cocaine. Tex. Health & Safety Code Ann. § 481.112 (West Supp. 1997). The district court adjudged
her guilty and assessed punishment at incarceration in a state jail for two years. The court suspended
imposition of sentence and placed appellant on community supervision. Later, on the State's motion, the
court revoked supervision and imposed sentence.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
advancing contentions which counsel says might arguably support the appeal. See also Penson v. Ohio,
488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516
S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); 
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to
appellant, and appellant was advised of her right to examine the appellate record and to file a pro se brief. 
No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and
without merit. Although the offense was alleged to have been committed on a date after the filing of the
information, no objection was voiced and the error was waived. Tex. Code Crim. Proc. Ann. art. 1.14(b)
(West Supp. 1997); see Aguilar v. State, 846 S.W.2d 318 (Tex. Crim. App. 1993); Ex parte Gibson,
800 S.W.2d 548, 551 (Tex. Crim. App. 1990). The district court's failure to admonish appellant as
required by article 26.13(a)(4), if properly before us on this appeal, was harmless for the reason stated in
Matchett v. State, 941 S.W.2d 922 (Tex. Crim. App. 1996). See Tex. Code Crim. Proc. Ann. art.
26.13(a)(4) (West 1989). The error committed by trial counsel discussed in the brief does not rise to the
level of ineffective assistance.

The order revoking community supervision is affirmed.

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 11, 1997

Do Not Publish