**Gary Ray TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–01478–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1999.

---

5. See TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1997).

Kurt Mark Byron Noell, Tyler, for Appellant.

John Julian Moore, Columbus, for State.

Panel consists of Justices MIRABAL, TAFT, and NUCHIA.

## O P I N I O N

MIRABAL, Justice.

Appellant, Gary Ray Taylor, pled guilty to the misdemeanor offense of driving while intoxicated pursuant to a plea bargain agreement. The trial court accepted the guilty plea, found appellant guilty, and assessed punishment at 365 days in the county jail, probated for two years, plus a $1,000 fine.

In two points of error, appellant asserts the trial court erred in allowing an amendment of the complaint underlying the information to show the correct year of the offense. Specifically, appellant complains that the *prosecutor*, rather than the *affiant*, corrected the date of the offense from April 24, *1995* to April 24, *1994* by means of a hand-written strike-through.

■ Defects in complaints that support a misdemeanor information are not "jurisdictional" defects. *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex.Crim.App.1993); *see also Hess v. State*, 953 S.W.2d 837, 839 (Tex.App.—Fort Worth 1997, pet. ref'd). Mere presentment of an information to the trial court invests that court with jurisdiction over the defendant, regardless of any defect that might exist in the underlying complaint. TEX. CONST. art. V, § 12(b); *Aguilar*, 846 S.W.2d at 320; *see also Isenberg v. State*, 853 S.W.2d 834, 835 (Tex. App.—San Antonio 1993, pet. ref'd). Appellant does not complain, nor does it appear, that the information was defective.

■ Thus, if the underlying complaint was invalid because the prosecutor improperly corrected the offense date, such was a non-jurisdictional defect occurring prior to appellant's plea of guilty. Because appellant pled guilty to a misdemeanor offense pursuant to a plea bargain agreement, and because the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant and his attorney, appellant may appeal based on this alleged non-jurisdictional defect only if he raised an issue about the matter before trial, or if he obtained permission of the trial court to appeal. *Lemmons v. State*, 818 S.W.2d 58, 61–63 (Tex.Crim.App.1991); *Isam v. State*, 582 S.W.2d 441, 442–43 (Tex.Crim.App. 1979); *Taylor v. State*, 916 S.W.2d 680, 684–85 (Tex.App.—Waco 1996, pet. ref'd) (all three cases address guilty pleas in misdemeanor offense cases).[1]

---

1. *See also Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim.App.1994) (although an appeal of a felony conviction, and therefore subject

The record in this case does not show that appellant objected to the complaint before pleading guilty. Appellant did not file a pretrial motion complaining about the complaint.[2] Further, appellant did not obtain permission of the trial court to appeal. Under the circumstances of this case, appellant has no right of appeal at all. *Lemmons,* 818 S.W.2d at 61–62; *Isam,* 582 S.W.2d at 442–43; *Taylor,* 916 S.W.2d at 685.

We dismiss this appeal for lack of jurisdiction.

---

to different rules, the court provides a history of the development of the law regarding how a defendant, in an appeal from a plea-bargained conviction, can confer jurisdiction on an appellate court to address certain issues, acknowledging at page 734 that the case law "is not exactly a model of clarity and concise legal analysis").

**2.** In fact, the record indicates that appellant agreed to the change in the date on the complaint by the notation, appearing on the Plea Agreement signed by appellant, his counsel, and the prosecutor: "Agreement to amend State complaint to reflect April 24, 1994 as date of offense."