42,787-03

**MOTION DISMISSED**
DATE: 2/4/15
BY: P.C.

Jan. 28th, 2015
GARY Beason
TDCJ #1743056
McConnell Unit
3001 S. Emily DR.
Beeville, Texas
78102

Court Clerk
Court of Criminal Appeals of Texas
PO Box 12308 capital station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

In RE: Motion to rebut Appeal Attorneys response to trial Courts order in Ref. to Habeas action in Cause No. CR21120-A, out of Brown, County Texas.

Dear Clerk;

Please find (1) one copy of motion with un-sworn declaration and Certification of service in the above Cause.

I apologize for not sending a cover letter with my last motion. Too many pages.

Thanks for your time.

Gary Don Beason

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
IN CAUSE NO. CR21120-A

EX PARTE                          §   ON APPEAL FROM THE 35TH

GARY DON BEASON                    §   JUDICIAL DISTRICT COURT

                                   §   OF BROWN COUNTY, TEXAS

---

## MOTION TO REBUT APPEAL ATTORNEY'S AFFIDAVIT

---

COMES NOW, GARY DON BEASON, Applicant in the foregoing cause and would show the Court that: Appeal Attorney Nathan Butler filed his response to the Court's order via affidavit on January 5th, 2015.

Applicant did not recieve his copy until January 21st, 2015. 15 days after his certification that said affidavit was mailed on January 5th, 2015.

Applicant herein asserts that Appellant Attorney claims applicant was given an exact copy of the indictment on file, and that he was present at hearing when Court ordered such amendment.

The record will not support Applicant was ever at hearing, or was notified of such amendment, until August 8th, 2011 at pretrial hearing where he waived his right to counsel. The Court read from the docket and stated that an amendment was done. (R.R., Vol.4, P.10).

1.

The Court Clerk's supplemental record, which Applicant recieved from his Direct Appeal Attorney during the direct Appeal stage, does contain a motion submitted on ~~February~~ April 1st, 2011 by the State's Attorney requesting leave to amend.

And, an order by the Court signed ~~February~~ April 7th, which says: "After notice ~~to defendant~~ And hearing ..." but defendant was never at hearing or notified by Court Clerk or his attorney of record at that time.

The record will reflect that Attorney of record at that time was Attorney Judson Woodley; who was removed on May 31st, 2011 due to conflict as he also represented Applicant's wife and niece, that were co-defendants and State's witnesses against him.

Appellant Attorney's claim that Applicant was given an exact copy of indictment on record is false, and his legal argument is moot.

The Court of Criminal Appeals held in **Aguilar v. State**, 846 S.W.2d 318 (1993), once indictment is challenged via motion to quash, if defendant does not prevail at Court, it becomes first requirement on Appeal, (paraphrased). Therefore Appellant Attorney was prejudicially ineffective on appeal.

Applicant preserved the error according to **Studor v. State**, 799 S.W.2d 263 (Tex.Crim.App.1990), quoted in **Aguilar v. State**, 846 S.W.2d 318 (Tex.Crim.App.1993) and Art.1.14(b) of the Texas Code of Criminal Procedure.

See also Applicant's rebut to State's response in this same cause.

2.

Respectfully submitted,

*Gary Don Beason*

GARY DON BEASON

TDCJ# 1743056

McCONNELL UNIT

3001 S. EMILY DR.

BEEVILLE, TEXAS 78102

## UNSWORN DECLARATION

I, GARY DON BEASON, Applicant in the foregoing cause do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Gary Don Beason*

GARY DON BEASON

01-28-15

Dated On

## CERTIFICATE OF SERVICE

I, GARY DON BEASON, the undersigned do hereby certify that a true and correct copy of the foregoing motion was sent to the Brown County District Attorney's office at 200 S. Broadway, Suite 323, Brownwood, Texas 76801 on the 28th day of January 2015.

*Gary Don Beason*

GARY DON BEASON

TDCJ# 1743056

McCONNELL UNIT

3001 S. EMILY DR.

BEEVILLE, TEXAS 78102

3.