42,787-03

IN THE COURT OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS

IN CAUSE NO. CR21120-A

MOTION DISMISSED
DATE: 2/4/15
BY: P.C.

| | |
|---|---|
| EX PARTE | § ON APPEAL FROM THE 35TH |
| GARY DON BEASON | § JUDICIAL DISTRICT COURT |
| | § OF BROWN COUNTY, TEXAS |

---

**MOTION TO REBUT STATES RESPONSE**

---

COMES NOW, GARY DON BEASON, Appellant in the foregoing cause and would show this Honorable Court the following in response to the State's letter opposing Appellant's habeas action, file dated October 27th, 2014; of which, Appellant received his copy on January 21st, 2015.

First, Art. 11.07(7) requires the State to notify Appellant's Attorney, or Appellant in a Pro se filing, when he responds to the habeas action.

Appellant was not in reciept of the State's letter in response, and filed a motion requesting the Court to instruct the State's Attorney to return service upon Appellant. The Court clerk forwarded a copy of the State's letter with her notice of the District Court's forwarding of habeas action to the Court of Criminal Appeals.

I mention this merely to show why the Appellant response is late.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

1.

Appellant did file an affidavit in support of his habeas application upon recieving an order from the Court inviting him to do so; however, he could not respond to the State's brief letter as he was not served until now.

The State's Attorney alleges Appellant has forfeited his right to raise this claim on collateral appeal as the trial court heard his motion to dismiss, and denied it. And his Appellate Attorney did not raise the issue on direct Appeal. Quoting **Ex Parte Clore,** 690 S.W.2d 899, 900(Tex.Crim.App.1985).

This is exactly why Appellant's second ground alleges ineffective assistance on Appeal.

The State further adds that jurisdiction is not contingent on whether indictment has a defect of form or substance. Quoting **Teal v. State,** 230 S.W.3d 172, 177(Tex.Crim.App.2007).

Both points can be clearly argued by using the standard set forth in **Aguilar v. State,** 846 S.W.2d 318 (Tex.Crim.App. 1993). This Court clearly established that Texas Constitution Art. 5 § 12(b), authorizes jurisdiction in indictments. Any challenges must be made prior to trial via motion to dismiss, or quash. See also Ann. Art. 1.14(b) Tex.Code of Crim.Proc.: or, the right to challenge is waived.

Once that jurisdiction is challenged, via motion to quash, prior to trial on the merits, if the defendant does not prevail in his challenge, it becomes first requirement on direct Appeal.

The Court also held in **Aguilar, supra,** an indictment lacking fundamental requirements effect jurisdiction, and jurisdictional issues can be brought up anytime.

2.

The Court defined fundamental requirements as:

1) fewer than number of grand jurors voted on true bill. (According to minutes of the grand jury).

2) failure of the actual foreman of the grand jury to deliver the bill to the Court Clerk.

3) forgery of the foreman's signature.

4) inadvertant signing and returning of a bill in a case not reviewed by grand jury.

Appellant asserts that in any case the Court clerk may not certify document. And without the statutory required certification set forth in Art. 25.01 T.C.C.P. the indictment is not legal sufficiency of notice.

As appellant stated in his motion to dismiss, the document could have been produced on any computer and defendant has no idea of the true nature of the indictment on record accusing him.

Therefore without due process of law, that is guaranteed by the 14th Amendment of the United States Constitution, and backed up by the legislative statute of Texas, and previous Court of Criminal Appeals decisions, an indictment that is not certified by the Court Clerk is insufficient notice. And without sufficient notice of charges one cannot prepare a defense, therefore jurisdiction is voided.

This Court has held that when interpreting legislative intent and/or purpose, we necessarily focus our attention on the literal text of the statute in question. Yet a third reason for focusing on the literal text is that the legislature is

3.

constitutionally entitled to expect that the judiciary will faithfully follow the specific text that was adopted. **Boykin v. State**, 818 S.W.2d 782 (Tex.Crim.App.1991).

This court held in **Campbell v. State**, 49 S.W.3d 874 (2001), where the statute is clear and unambiguous the legislature must be understood to mean what it has expressed, and it is not for the Courts to add or subtract from it. See also **Coit v. State**, 808 S.W.2d 473 9Tex.Crim.App.1991) quoting **Ex Parte Davis**, 412 S.W.2d 46 (Tex.Crim.App.1967).

Therefore Appellant would ask this Honorable Court: Can the District Courts interpret legislative intent and purpose, and disregard Art. 25.01 of Tex.Code of Crim.Proc.? Also does Court Clerk certification rule meet ambiguous, and instructive guidelines, or is it mandatory?

Appellant's claim that the court lacked jurisdiction is not merely premised on a defective indictment; but rather, insufficiency of legal, statutorily required notice of charges, which call into question the jurisdiction of the Court to hear the case.

Art. 27.03 V.A.C.C.P. at (28) shows this Court ruling as far back as 1910 in **Johnson v. State**, 60 Tex.Cri. 305, 131 S.W. 1085(1910), that the presentment of indictment against accused had not been entered on the minutes of the Court and that certified copy had not been served on the accused, while a ground for postponing the trial, was no ground to quash the indictment.

4.

Also, when a defendant petitions for sufficient notice of the State's charge by motion to quash, adequately setting out the manner in which notice is deficient. The presumption of innocence coupled with the right to notice requires that he be given such notice. **Drumm v. State**, 560 S.W.2d 944(Tex. Crim.App.1977).

Also, Constitutional right to adequate notice of charges against an accused from face of indictment is substantial right invoked by filing motion to quash for insufficient notice. **Jeffers v. State**, 646 S.W.2d 185 (Tex.Crim.App.1981).

At hearing on applicant's motion to dismiss, the State's Attorney said: "If it's a matter of notice Mr. Beason has not shown any variance in his copy, and the State's copy." (R.R. Vol. 5, P..23).

Then, when applicant submitted his copy of indictment into evidence the State's Attorney said to the Court that there was a variance and that the State's copy of indictment had been amended. (R.R. Vol.5, P.22, lns. 11-20).

The Court then stated that a hearing was held, with defendant present, to amend the indictment. (Paraphrased) (R.R. Vol.5, P.23).

The record will not support parties ever being present at hearing. The first applicant ever knew of an amendment was August 8th, 2011 at pretrial hearing where he waived his right to counsel. (R.R. Vol.4, P.10).

5.

Court Clerk's supplemental record does reflect that the State filed motion to Amend on ~~February~~ *April* 1st, 2011. Court ordered Amendment on ~~February~~ *April* 7th, 2011. The order says, "after notice ~~to defendant~~ *And hearing* ..." *(See* Exhibits *A & B).*

Defendant was never notified by Court, or Counsel, of an amendment to the indictment.

In applicant's original motion to dismiss he states at paragraph five: "defendant therefore claims he was not served in the manner prescribed by law and he has no idea the true nature of the indictment on record accusing him."

Applicant is not an attorney and has no legal training therefore he cannot be required to express with specific wording and phrases necessary to facilitate the Court's legal responsibility toward him.

The Brown County jail provides no law library so legal research was not an option ...point being, applicant's motion to dismiss stated: he was not served in the manner prescribed by law; which, is the same as saying he was not given legal sufficiency of notice.

Applicant's ground one, at facts supporting, clearly states he was not given notice of charges as prescribed by legislature, challenging jurisdiction.

6.

## PRAYER FOR RELIEF

Therefore Applicant prays this Court recognizes prima facia evidence in that he was denied his 14th Amendment right to Due Process of law, and his 6th Amendment right to a fair trial guaranteed by the United States Constitution.

Respectfully submitted,

*Gary Don Beason*

GARY DON BEASON
TDCJ # 1743056
McCONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

## UNSWORN DECLARATION

I, GARY DON BEASON, Applicant in the foregoing motion do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Gary Don Beason*

GARY DON BEASON

DATED ON: 01-26-15

## CERTIFICATE OF SERVICE

I, GARY DON BEASON, the undersigned do hereby certify that a true and correct copy of the foregoing motion to rebut State's response has been sent to the Brown County District Attorney's office at 200 S. Broadway suite 326, Brownwood, Texas 76801, by U.S. mail, on the 26th day of January, 2015.

GARY DON BEASON
TDCJ# 1743056
McCONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

8.

## No. CR21120

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| v. | § | 35TH JUDICIAL DISTRICT |
| Gary Don Beason | § | BROWN COUNTY, TEXAS |

### MOTION TO STRIKE LANGUAGE FROM INDICTMENT

Now Comes the State of Texas by and through her District Attorney for the 35th Judicial District of Texas, and files this Motion to Strike Language from Indictment in the above-referenced cause and in connection therewith would respectfully show unto the court the following, to-wit:

I.

The relevant portion of the indictment states "Livy Funderburg, a child younger than 18 years of age, was present on the premises where the offense was committed, being the identical person named in the information". The State requests the following language be stricken: "being the identical person named in the information"

WHEREFORE, the State requests that said indictment be stricken accordingly.

**FILED**

At 3 40 O'clock p M

APR 0 1 2011

Jean Brown
Clerk District Court Brown Co. TX

By _____ Deputy

Micheal Murray
District Attorney
State Bar No. 00792955
Brown County Courthouse
Brownwood, Texas 76801
325/646-0444

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion was delivered via Facsimile to the office of Judson Woodley, Attorney at Law, 325-356-5193, on the ___1st___ day of March, 2011.
April

Micheal Murray

41

No. CR21120

| THE STATE OF TEXAS | î | IN THE DISTRICT COURT |
| v. | î | 35TH JUDICIAL DISTRICT |
| Gary Don Beason | î | BROWN COUNTY, TEXAS |
| | î | |

### ORDER APPROVING AND DIRECTING THE STRIKING
### OF LANGUAGE FROM THE STATE'S INDICTMENT

This day came the State of Texas by her prosecuting attorney, requesting leave of court to strike language from the indictment and after notice and hearing the Court is of the opinion that leave to strike should be granted and that said indictment be stricken accordingly.

It is therefore the order of the Court that the prosecuting attorney be and is directed to physically change the wording of the indictment to reflect on its face the striking of language approved by the Court.

Signed this the ___7___ day of March, 2011.

JUDGE PRESIDING

**FILED**
At 1130 O'clock A M
APR 07 2011

Jean Brown
Clerk District Court Brown Co. TX
By _____ Deputy

42