September 24, 2015

Donovan Dwight Simms©
c/o 9601 SPUR 591 (NOT A DOMOCILE)
Amarillo, Texas Republic [near 79107-9608]

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 25 2015

CHRISTOPHER A. PRINE
CLERK

To: First Court of Appeals of Texas
    Office of the Clerk
    301 Fannin St.
    Houston, Texas 77002-2066

Re: INFORMATION/CLERIFICATION REQUESTS CAUSE No. 01-15-00763-CR,
    (Trial Court No.: 1056045, 230th Dist. Court, Harris County)

Dear Clerk;
    Hello, I am the above named person and cause (Simms v. STATE). In a letter from this office (see attached), your office gave all parties concearned a 'Notice of Appeal' being filed on 8/21/15 and did instruct that "the complete record is due within 60 days, or August 07, 2006."
    Would you please clarify for me the reason for an "or" date that is already nine (9) years pat due?... or... is this a simple clerical error?

    Futhermore, your office stated in the 9/8/15 letter that, "The Court's records do not reflect that a post judgement motion was filed."
    Would you please clarify this for me, whether or not this court already has some kind of "incomplete" record filed with the office by the Harris County District Clerk's Office?
    Or, is this office now calling for the complete record to be sent?

    If this office already has some kind of record would you please send me a 'Table of COntents' of what is already in your possession, as to the instant action?
    And, please notify me, as to what all is filed with the court. I am presently pro per and imprisoned and am completely unable to review the "record" in your office.
    I look forward to hearing from this office. thank you for your time and patience, Good Day.

Note: I have also enclosed a copy of the post judgement
motions/petitions filed, and the Docketing Statement
to be filed in the above Cause Number.

                                          Sincerely,

                                          Donovan Dwight Simms©
                                          Pro Per

cc: File

encl...
DDS/CAP

SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD
JUSTICES

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx



# Court of Appeals
# First District
## 301 Fannin Street
## Houston, Texas 77002-2066

September 8, 2015

Alan Curry
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin Ste 600
Houston, TX 77002-1923
* DELIVERED VIA E-MAIL *

Donovan Dwight Simms
TDCJ #1375638
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

**RE:     Court of Appeals Number:** 01-15-00763-CR     **Trial Court Case Number:** 1056045

**Style:** Donovan Dwight Simms v. The State of Texas

The Court has received a copy of the notice of appeal in this trial court case.

The notice of appeal was filed August 21, 2015. The Court's records do not reflect that a post judgment motion was filed. Therefore, the complete record is due within 60 days, or **August 07, 2006.**

The official or deputy reporter is responsible for preparing, certifying, and timely filing the reporter's record if: **the party responsible for paying for the preparation of the reporter's record has paid the reporter's fee, or has made satisfactory arrangements with the reporter to pay the fee,** or is entitled to appeal without paying the fee. Tex. R. App. P. 35.3(b)(3). If you are not the court reporter in this case, or additional court reporters took testimony in this case, please advise the Court in writing immediately. The Court may consider an appeal without a reporter's record if no reporter's record is filed due to appellant's fault. Tex. R. App. P. 35.3(c).

Counsel must forward the docketing statement as required by Tex. R. App. P. 32.4. For your convenience, the docketing statement form is posted on this Court's website listed above. If the website is not convenient, you may phone the Clerk's Office and it will be provided upon request.

The First Court of Appeals follows the Standards of Conduct adopted by Order of the Texas Supreme Court and the Court of Criminal Appeals on February 1, 1999. All attorneys, parties and pro se litigants appearing before the First Court of Appeals are expected to fully comply with these standards of conduct as well as all applicable Texas Rules of Appellate Procedure, Texas Rules of Professional Conduct, Texas Rules of Disciplinary Procedure, and the Code of Judicial Conduct. A copy of the Standards of Conduct may be found on the Court's website.

Sincerely,

Christopher A. Prine, Clerk of the Court

cc:    Court Reporter 230th District Court (DELIVERED VIA E-MAIL)
       Harris County District Clerk's Office - Criminal (DELIVERED VIA E-MAIL)
       Judge 230th District Court (DELIVERED VIA E-MAIL)



ht Simms
635
R 591 (~~NOT A DOMOCILE~~)
:xas Republic [near 79107-9606]

AL MAIL

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

SEP 25 2015

CHRISTOPHER A. PRINE
CLERK

# MAIL RECEIVED

Christopher A. Prine
Clerk of The Court
First Court of Appeals
301 Fannin Street
Houston, Texas 77002-2066

7700232062 C018

Trial Court No. 1056045

| | |
|---|---|
| THE STATE OF TEXAS<br>      Respondent<br><br>v.<br><br>DONOVAN DWIGHT SIMMS<br>      Cestui Que Trust,<br>      Petitioner | CRIMINAL DISTRICT COURT NO. 230<br>HARRIS COUNTY, TEXAS<br><br>PETITION FOR PRODUCTION AND INSPECTION<br>OF GRAND JURY PROCEEDINGS AND/OR TESTIMONY<br>TEXAS CODE OF CRIM. PROC. ARTICLE 20.02(d),<br>(e) |

FILED IN<br>1ST COURT OF APPEALS<br>HOUSTON, TEXAS<br>SEP 25 2015<br>CHRISTOPHER A. PRINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DONOVAN DWIGHT SIMMS, Petitioner in the above styled and numbered cause, Pro per, Respectfully moves the court pursuant to the Texas Code of Criminal Procedure (T.C.Cr.P) Article 1.26, Article 20.02 (d), (e), Article 20.19 and Article I Section 10 and 19 of the Texas Constitution. The Petitioner shows the following:

1.) Petitioner, DONOVAN DWIGHT SIMMS, without counsel is relying on Haines v. Kerner, 404 U.S. 519, for less stringent pleading standards.

2.) Petitioner is incarcerated in the Texas Department of Criminal Justice Institutional Division - Bill Clements Unit. In this present incarceration Petitioner is at a disadvantage due to not having access to legal reference materials in prison on par with those of the District Attorney's office and any other Persons answering this Petition.

3.) This Petition is in accordance with (T.C.Cr.P.) and the Laws of Texas upon which Petitioner relies, same binding as promised performance, a benefit due to this Petitioner, an entitlement to Equal Protection of the Law under administration of Justice Procedures.

4.) DONOVAN DWIGHT SIMMS, the Petitioner herein is the Cestui Que Vie Trust unless otherwise evidenced. See Texas Texas Rules of Civil Procedure Rule 52.

5.) Petitioner request that he be permitted to examine any and all testimony of each witness that testified before the Grand Jury. Particularized need for the Grand Jury witness testimony, is a strong interest in ensuring accuracy of testimony outweighs government interest in secrecy. In re Grand Jury, 490 F.3d 978, 988, 990(D.C. Cir. 2007). Petitioner contemplates that a particularized need for the testimony can be shown as follows:

    a.) To discover impeachment evidence;

    b.) To discover prior inconsistent statements - Washington v. Texas, 388 U.S. 14 (1967);

    c.) To discover mitigating and exculpatory evidence - Brady v. Maryland, 373

1.

U.S. 83 (1963); and

    d.) All witness that testified in Grand Jury testified on direct examination pursuant to the Jenks Discovery Act, 18 U.S.C. §3500.

    The need for all witnesses that testified is hereby reqested by Petitioner. In the alternative the specific testimony that Petitioner requests is as follows:

- ?. Martinez, who testified in Grand Jury examination/hearing;
- Peter Effah, who testified in Grand Jury examination/hearing;
- Scott Gill, who testified in Grand Jury examination/hearing;
- Marcus Kinnard, who testified in Grand Jury examination/hearing;
- Ron Morrison, who testified in Grand Jury examination/hearing;
- David Papa, who testified in Grand Jury examination/hearing;
- J.E. Sims, who testified in Grand Jury examination/hearing;
- Shane McCoy, who testified in Grand Jury examination/hearing;
- R.O'Bannion, who testified in Grand Jury examination/hearing;
- M. Bova, who testified in Grand Jury examination/hearing;
- Jessica Limas, who testified in Grand Jury examination/hearing;
- Fernando Moncada, who testified in Grand Jury examination/hearing;
- Jorge Landaverde, who testified in Grand Jury examination/hearing;
- C. Banks, who testified in Grand Jury examination/hearing;
- J. Hutchinson who testified in Grand Jury examination/hearing;
- V. Brasher, who testified in Grand Jury examination/hearing; and
- H. Dun, who testified in Grand Jury examination/hearing.

    In the interest of justice, Petitioner is further pursuing relief from his final conviction in a Habeas Corpus Petition under the "Gateway Claim" - Schlup v. Delo, 115 S.Ct. 851 (1995). In his claim, Petitioner is asserting trial counsel was ineffective. Upon such assertion, in order to find that counsel was ineffective, an inquiry must be made according to Tex. Code of Crim. Proc. Article 27.03. Accordingly, Petitioner was relving on trial counsel to know the law and represent him to the best of counsels knowledge. The law states, "All objections and exceptions to the charging instrument must be made in writing (T.C.C.P.) Art. 20.70; a motion to set aside, dismiss, or quash an indictment should be made at the first opportunity and must be presented to the trial court prior to party's announcement of ready." Neal v.State, 150 S.W.3d 16 (Tex.Crim.App. 2004); where counsel is to Motion to Set Aside Indictment counsel must do so based on the following:

1. That it appears by the record of the court that the indictment was not founded

2.

by at least nine Grand Jurors, or that the information was not based upon a valid complaint;

2. That some person not authorized by law was present when the Grand Jury was deliberating upon the accusation against the defendant, or was voting the same;

3. That the Grand Jury was illegally impaneled;

Provided, however in order to raise such questions on a motion to set aside the indictment, the Petitioner must show that he did not have an opprtunity to challenge the array at the time the Grand Jury was impanelled. As required by Article 19 and 20 (T.C.C.P). Petitioner was in fact incarcerated.

Futhermore. In <u>Vasquez v. Hillery</u>, the Supreme Court held, "that evidence of racial discrimination in the Grand Jury selection process compromises the structural protections because such abuses leave the reviewing court incapable of determining if a properly "constituted: Grand Jury would have indicted defendant. <u>id</u>. at 474 U.S. 254, 264 (1986). In the interest of justice Petitioner finds a particularized need for the Grand Jury proceedings.

7.) The Petitioner requests the production of all the above. In the alternative Petitioner requests the review of that which the court may order in part.

8.) Under Article 20.02 (d) (T.C.Cr.P.), Petitioner may petition a court to order the disclosure of a recording or typewritten transcription under Article 20.012 as a matter preliminary to or in connection with a judicial proceeding. The court may order disclosure of information, recordings, or transcription on a showing by the defendant of a particularized need.

"(e) A Petition for disclosure under (d) must be filed in the District court in which the case is pending. The defendant must file also a copy of the petition with the Attorney representing the State, the parties to the Judicial Proceedings and any other required by the court to receive a copy of the Petition. All persons receiving a Petition under this subsection are entitled to appear before the court. The court shall provide in- terested parties with an opportunity to appear and present arguments for the continuation of or end to the required secrecy.

9.) Finally, "In felony cases, filing a sufficient indictment invokes a court's personal jurisdiction over the Defendant. <u>Fairfield v. State</u>, 610 S.W.2d 771, 779 (Tex.Crim.App.1981). The indictment also gives the District Court Subject Matter Jurisdiction. "Subject-Matter Jurisdiction is never forfeited or waived." <u>U.S. v. Cotton</u>, 535 U.S. 625, 630 (2002). "Jurisdiction may be challenged at any time. Once State and Federal jurisdiction has

3.

been challenged, it must be proven – <u>Texas Dept. of Public Safety v. Styron</u>, 226 S.W.3d 576 (Tex.App.[1st Dist.] 2007); <u>Estrada v. State</u>, 148 S.W.3d 506; "Subject-Matter jurisdiction is a power that exist by operation of law only, and cannot be conferred upon by any court by consent or waiver, and thus judgement will never be considered final if the court lacked subject-matter jurisdiction" <u>Dubai Petroleum v. Kazi</u>, 12 S.W.3d 71; "When a cause of action is derived from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable for lack of jurisdiction." – <u>Grounds v. Taylor Independent School Dist.</u>, 707 S.W.2d 889; "A plea to the jurisdiction is a dilatory plea, its purpose is to defeat a cause of action without regard to whether the claims asserted have merit", <u>Nueces County v. Dale Hoff</u>, 105 S.W.3d 208.

The Petitioner hereby asserts that the indictment is founded on fewer than the required number of Grand Jurors voting in favor of a true bill, the actual foreman failed to deliver the bill.

"Accordingly, foregoing of the foreman's signature or even inadvertent signing and returning of a bill in a case not reviewed by a Grand Jury are all fundamental defects in a charging instrument's process which would vitiate the instrument, vitiate trial court jurisdiction, and be subject to first complaint on appeal, despite the failure to present objections prior to trial on the merits." <u>Aguilar v. State</u>, 810 S.W.2d 230. Petitioner asserts the "cause of action" (Grand Jury Proceedings) "derived from a statute", in specific Texas Code of Criminal Procedure, Article 19 and 20. "The statutory provisions are mandatory and exclusive and must be complied with in all respects". When the Grand Jury Proceedings are not in compliance with these, the cause of action is not maintainable for lack of jurisdiction.

For the reasons shown above, Petitioner has asserted a particularized need for the disclosure of the Grand Jury Proceedings and/or Witness Testimony pursuant to Art. 20.02(e).

WHEREFORE: Good Cause Shown and in the interest of justice, the Petitioner respectfully prays that this court GRANT this Petition in all things.

Executed this the Twenty-Sixth Day of the Fifth Month in the Year of Our Creator, Two Thousand and Fifteen, A.D.

Respectfully Submitted,

By: _Donovan Dwight_ ©

For: DONOVAN DWIGHT SIMMS–Cestui Que Vie Trust, Petitioner
#1375638 – Bill Clements Unit
9601 SPUR 591

Amarillo, texas [79107-9606]

4.



nt Simms
633
R 591 (~~NOT A DOMOCILE~~)
xas Republic [near 79107-9606]

AL MAIL

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

SEP 2 5 2015

CHRISTOPHER A. PRINE
CLERK _____

**MAIL RECEIVED**

Christopher A. Prine
Clerk of The Court
First Court of Appeals
301 Fannin Street
Houston, Texas 77002-2066

7700232062 C016