SAUNDERS ARTHUR PETERSON V. THE STATE.

No. 23665. Delivered June 11, 1947.
Rehearing Denied October 15, 1947.

*A. H. Krichamer,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for an aggravated assault upon a plea of guilty, punishment assessed being six months in jail.

No statement of facts or bills of exception appear in the record. Nothing is presented for review.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in which he raises the question as to the construction to be given to that part of Section 10 of Article I of the Constitution reading as follows: " * * * and no person shall be held to answer for a criminal offense, unless on an indictment of a Grand Jury, except in cases in which the punishment is by fine, or imprisonment, otherwise than in the penitentiary, * * *."

His position is very clearly stated and the contention made is that all complaints must be lodged by indictment by a grand jury except those in which the punishment is BY FINE OR IMPRISONMENT OTHERWISE THAN IN THE PENITENTIARY. By Article 1148 of the Penal Code the punishment may be by fine or imprisonment, or by both such fine and imprisonment. The conclusion is that for aggravated assault the punishment may be by both fine and imprisonment. It is the contention that because both may be assessed he can be charged only by indictment of a grand jury.

There have been many attacks made on proceedings because not in compliance with this section of the Constitution, but this, to the writer, is the first one in which we find this particular question raised. Thousands of cases have come to this Court in which convictions were had for aggravated assault and battery. Usually they were charged by complaint and information. All courts have acted upon the assumption this was proper. We think they have been right and are, therefore, unable to give effect to the distinction which appellant seeks to make.

The motion for rehearing is overruled.