**Affirmed and Opinion filed April 9, 2019.**



**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-17-00303-CR

**BENE A. TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 2100220**

## OPINION

In three issues, appellant Bene A. Taylor appeals his DWI conviction. He challenges (1) the sufficiency of the evidence to support his conviction under the corpus delecti rule, (2) the trial court's admission of evidence involving a fatality accident at the scene, and (3) the enhancement of appellant's conviction to a class A misdemeanor without a prior DWI conviction. We conclude that (1) appellant's conviction is supported by legally sufficient evidence, (2) appellant did not preserve error on his evidentiary challenge, and (3) the trial court properly

instructed the jury that it could find appellant guilty of a class A misdemeanor if it found appellant's blood alcohol concentration was .15 or more. We affirm.

## *Background*

Appellant's car, a Volkswagen, stalled out on the Southwest Freeway in Houston, Texas when appellant ran out of gas around 1:00 a.m. Shortly thereafter, appellant was observed standing on a main lane of the freeway next to the front door of the car.[1] Another driver subsequently rear ended the Volkswagen. A wrecker truck arrived, and its driver had parked near the two vehicles when the driver of a pickup truck struck the wrecker. The pickup truck rolled over, the driver was ejected, and he died on the scene.

Officer Ciers assessed appellant for intoxication. He spoke with appellant and observed "a strong odor of an alcoholic beverage on his breath" and "slow, deliberate speech," which led Ciers to conclude that it was necessary to conduct field sobriety tests on appellant. Ciers wore a body camera during his encounter with appellant on the scene, which was admitted at trial without objection.[2] The body camera recorded the accident scene, in addition to onsite field sobriety testing and statements made by appellant. Appellant stated that he was alone in his Volkswagen driving when he ran out of gas. He admitted that he drank "about three" beers before getting behind the wheel.

Ciers conducted the horizontal gaze nystagmus test on appellant and observed six of six clues of intoxication. He then took appellant to the police station for additional sobriety testing. At the station, appellant again admitted to

---

[1] In a 911 tape admitted at trial, the caller said that she observed appellant standing outside of his stopped car on the freeway.

[2] Appellant's counsel objected only to video recordings of the sobriety tests and statements made by appellant at the station.

driving the Volkswagen. He also stated that he began drinking around 9:30 p.m. and stopped around 12:30 a.m. Ciers conducted the walk and turn and one leg stand tests. He did not observe any signs of intoxication during those tests, but he again conducted the HGN test on appellant and observed all six clues. Appellant agreed to a breath test. Two tests were given at 3:53 and 3:56 a.m., and they showed blood alcohol concentrations of .169 and .170.[3]

## *Discussion*

Appellant challenges (1) the sufficiency of the evidence to support his conviction under the corpus delecti rule; (2) the trial court's admission of evidence involving the truck accident and death of the driver; and (3) the trial court's submission of a jury charge instruction allowing the jury to find appellant guilty of a class A misdemeanor without a prior DWI conviction.

### I.  Evidence of Driving While Intoxicated Legally Sufficient

Appellant argues in his second issue that his DWI conviction is not supported by legally sufficient evidence under the corpus delecti rule. He contends his extrajudicial statements to police amount to the only evidence that he was driving the Volkswagen while intoxicated.[4] We disagree.

The corpus delecti rule applies when there is an extrajudicial confession to involvement in a crime. *See Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015). Under the rule, "a defendant's extrajudicial confession does not constitute

---

[3] The State's expert testified that two breath samples are taken to "ensure that the instrument is still reading that known value within tolerance," it is rare to have the same test results on both tests, the results have to be within .02 of each other to "get a complete test," and as long as the results are within that range, they are valid.

[4] We address appellant's sufficiency issue first because, if it is meritorious, we would render a judgment of acquittal rather than reverse and remand. *Owens v. State*, 135 S.W.3d 302, 305 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

3

legally sufficient evidence of guilt absent independent evidence." *Id*. The rule's purpose is to ensure that a person will not be convicted based solely on his own false confession to a crime that never occurred. *Id*.

The Court of Criminal Appeals has held that the *Jackson v. Virginia* standard set forth by the Supreme Court is the "only constitutional standard of review for assessing the legal sufficiency of evidence in a criminal case." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. 307 (1979)). Under that standard, we view the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Id*. Circumstantial evidence is as probative as direct evidence, and circumstantial evidence alone may be sufficient to establish guilt. *Id*.

Within the framework of the *Jackson* sufficiency standard, the corpus delecti rule requires only that evidence independent of the extrajudicial confession show "that the 'essential nature' of the charged crime was committed by someone." *Id*. The rule is thus satisfied when some evidence outside of the extrajudicial confession, considered alone or in conjunction with the confession, shows that the crime actually occurred. *Huff v. State*, 467 S.W.3d 11, 20 (Tex. App.—San Antonio 2015, pet. ref'd). The corpus delecti of DWI is operating a motor vehicle in a public place while intoxicated. Tex. Pen. Code § 49.04(a); *Lara v. State*, 487 S.W.3d 244, 249 (Tex. App.—El Paso 2015, pet. ref'd).

Here, setting aside appellant's extrajudicial statements, the evidence shows that appellant's car was stopped in a main lane on the Southwest Freeway while appellant was observed standing alone outside the car near the front door. No other

person was on the scene who could have operated the car.[5] When Ciers arrived, he smelled alcohol on appellant's breath. That and appellant's "slow, deliberate speech" led Ciers to conclude that it was necessary to conduct field sobriety tests. Appellant twice failed HGN sobriety tests and blew .169 and .170 on his breath tests approximately three hours after his car stalled. We conclude, setting aside appellant's extrajudicial statements, there is corroborating evidence that appellant was operating a motor vehicle in a public place while intoxicated, and thus the corpus delecti rule was satisfied. *See Lara*, 487 S.W.3d at 249; *see also Huff*, 467 S.W.3d at 21 (holding there was corroborating evidence outside of defendant's extrajudicial confession that he was operating motorcycle at time of crash supporting defendant's felony murder conviction). We overrule appellant's second issue.

## II.    Challenge to Admission of Evidence Not Preserved

Appellant contends in his first issue that the trial court abused its discretion in admitting evidence involving the truck accident and the driver's death. According to appellant, the trial court should have excluded this evidence as not relevant under Rule of Evidence 401 and more prejudicial than probative under Rule 403. Tex. R. Evid. 401, 403. We conclude that appellant has failed to preserve error as to these complaints.

---

[5] We note that a jury may reasonably infer that a person operated a vehicle while intoxicated when, as here, there is no other person in the vehicle or vicinity and no evidence suggests that another person operated the car. *See, e.g., Murray v. State*, 457 S.W.3d 446, 449 (Tex. Crim. App. 2015) (holding that a jury could have inferred the defendant drove his car while intoxicated when (1) he was found inside the vehicle, (2) he was the only person in the vehicle and vicinity, (3) no alcoholic substances or containers were found in the area, and (4) the arresting officer observed several signs of intoxication); *Oliva v. State*, 525 S.W.3d 286, 295 (Tex. App.—Houston [14th Dist.] 2017) (holding jury could have inferred that defendant was operating vehicle while intoxicated because, among other things, he was found in parked, running car, no other person was in the car, and no evidence suggested that another person had operated the car), *rev'd on other grounds*, 548 S.W.3d 518 (Tex. Crim. App. 2018).

Appellant filed a motion in limine requesting that the State be required to refrain from mentioning the accident until a ruling could be obtained outside the presence of the jury. The trial court overruled the motion. The purpose of a motion in limine is to obtain an order requiring an initial offer of objectionable evidence outside the jury's presence. *Geuder v. State*, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003). A true motion in limine does not seek to exclude the challenged evidence. *Id*. Accordingly, a trial court's grant or denial of such a motion is a preliminary ruling only and preserves nothing for appellate review. *Id*. at 14-15. In his motion in limine, appellant did not seek to exclude any evidence—he requested an order for the parties to approach the bench and obtain a ruling as to admissibility outside the presence of the jury. Thus, the motion did not preserve anything for our review. *See id*. There is no other motion in the record in which appellant sought to exclude the evidence pertaining to the truck accident and fatality.[6]

For error to be preserved as to the subject of a motion in limine, an objection must be made at the time the subject is raised during trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Defense counsel first raised the subject of the truck accident during his own opening statement, as follows: "another car then hits the wrecker and turns over. . . . [B]oth of these drivers, [of] the car that hit [appellant] first and the car that hit the wrecker, were found to be intoxicated." Thus, having raised the subject himself, appellant failed to preserve his challenge to the trial court's admission of evidence involving the truck accident. *See id*.; *see also Scott v. State*, 392 S.W.3d 684, 686 (Tex. App.—Dallas 2010, no pet.). *Cf. Hedrick v. State*, 473 S.W.3d 824, 832 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("A defensive opening statement—although not evidence—opens the door to

---

[6] Defense counsel objected during the State's opening statement when the prosecutor mentioned the first car accident as follows: "I wanted to reurge my motions on that—on the motion in limine and everything." The trial court overruled the objection.

the admission of extraneous-offense evidence to rebut a defensive theory presented in the defensive opening statement.").[7]

During trial, the State also elicited the following testimony regarding the truck accident and fatality:

- Officer Gonzalez, the first officer on the scene, testified that "when it comes to a fatal accident, we have an accident division that handles those" and "our mission is to work hit and run accidents; catastrophic accidents; accidents involving other fire, EMT, or police vehicles, and fatal crashes."

- Officer Baker, who was from the vehicular crimes division, testified about the damage to the truck and stated that the accident resulted in a fatality. Although defense counsel did not object to that testimony, he objected to the next question on the grounds of relevance and "prejudicial effect": "Through your investigation, who did you learn was that fatality?" The trial court overruled the objection and stated, "You can identify who the person is." The officer said the person was the driver of the truck and explained that he had been killed when he was ejected from the vehicle.

- On redirect, Baker testified that his role was to investigate "the fatal crash." He also testified that appellant's stalled vehicle was "a factor in the accidents."[8]

- Ciers testified without objection that the truck accident was "a fatality accident." He explained that his unit had to be "called out to see if anyone involved in a fatality accident is impaired or intoxicated." He further commented that he was called to the scene because it involved a fatality.

---

[7] We find *Hendrick* to be instructive. Although evidence of the truck accident is not extraneous-offense evidence, appellant raised the intoxication of the other drivers as a defensive theory in his opening statement, i.e., that the accidents were caused by the other drivers' intoxication and that appellant was not intoxicated.

[8] Defense counsel objected to this testimony on the grounds of speculation, "conclusion," and "beyond the scope of this hearing." He did not object on the grounds of relevance or undue prejudice.

- Officer Ramos, who was also with the vehicular crimes division, testified that Baker was assigned to the "fatality crash." She also stated that she "remained on the scene for the fatality."

To preserve error for appellate review, a defendant must timely object to the error during trial. *Temple v. State*, 342 S.W.3d 572, 592 (Tex. App.—Houston [14th Dist.] 2010) (citing Tex. R. App. P. 33.1(a)), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013). Defense counsel must object every time allegedly inadmissible evidence is offered unless counsel obtains a running objection or requests a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

Defense counsel objected under Rules 401 and 403 only to Baker's testimony pertaining to the identity of the decedent. Construing that objection liberally to encompass an objection to the fact of the driver's death, that evidence came in elsewhere without objection. Related evidence involving the crash also came in without objection. Moreover, defense counsel failed to seek a running objection on the record, and there is no record of a hearing during which counsel sought to suppress the evidence.[9] Therefore, appellant did not preserve this complaint for appeal. *See id*. For these reasons, we overrule appellant's first issue.

### III. Proper Jury Charge Instruction on Class A Misdemeanor

In his final issue, appellant asserts that the trial court erred in submitting a jury charge instruction allowing the jury to find appellant guilty of a class A misdemeanor without evidence that appellant had a prior DWI conviction. Under Penal Code section 49.09(a), the existence of a prior DWI conviction elevates a

---

[9] During a hearing on the admissibility of 911 calls, the State informed the trial court: "[w]e do intend on bringing out evidence of the crash in this case and that it was a fatality." The trial court responded, "I've already said you could do that." But defense counsel did not object at that point. The record does not include any hearing in which defense counsel sought to suppress the evidence or requested a running objection.

second DWI offense from a class B to a class A misdemeanor. *Oliva v. State*, 548 S.W.3d 518, 519 (Tex. Crim. App. 2018) (citing Tex. Penal Code § 49.09(a)). But under section 49.04(d), driving with an alcohol concentration of more than .15 is also a class A misdemeanor. Tex. Penal Code § 49.04(d). The jury found that appellant drove with an alcohol concentration of more than .15. It was not required to find that appellant had a prior DWI conviction to find appellant guilty of a class A misdemeanor. *See, e.g., Diamond v. State*, 561 S.W.3d 288, 298 (Tex. App.—Houston [14th Dist.] 2018, pet. granted) (noting that a jury finding of an alcohol concentration of .15 or more "is a required element of a Class A misdemeanor" under section 49.04(d)). We overrule appellant's third issue.

## *Conclusion*

Having concluded that appellant's conviction is supported by legally sufficient evidence, appellant did not preserve error on his evidentiary challenge, and the trial court properly instructed the jury that it could find appellant guilty of a class A misdemeanor, we affirm.


/s/      Frances Bourliot
Justice


Panel consists of Justices Wise, Jewell, and Bourliot.

Publish — Tex. R. App. P. 47.2(b).

9