**Affirmed and Memorandum Opinion filed August 18, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00817-CR

---

**DEADRIAN KORTRY MCCLENNON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1515120**

---

### MEMORANDUM  OPINION

Appellant Deadrian Kortry McClennon appeals his conviction for sexual assault, challenging in one issue the trial court's admission at trial of a purported hearsay statement. We affirm.

In his sole issue on appeal, appellant contends the trial court erred in overruling his counsel's hearsay objection to testimony from a paramedic who was dispatched to treat the complainant. Appellant also contends that his "constitutional

right of confrontation was violated when the hearsay was allowed before the jury."

To preserve error for appellate review, a defendant must timely object to the error during trial. Tex. R. App. P. 33.1; *Taylor v. State*, 572 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd). Defense counsel must object every time allegedly inadmissible evidence is offered unless counsel obtains a running objection or requests a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Taylor*, 572 S.W.3d at 822. The failure to object to a violation of the Confrontation Clause waives the argument on appeal unless the specific grounds are apparent from the context. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); *Ayala v. State*, 267 S.W.3d 428, 437 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

The paramedic testified two times, "We were dispatched to an assault." After the second time the paramedic made the statement, defense counsel objected to the following question on hearsay grounds: "And did you have any other type of information on the type of assault that you were responding to?" Defense counsel did not object on the basis that appellant's right to confrontation was violated. The trial court overruled the objection and the paramedic answered, "We just got an assault. Can't recall what the computer notes were saying, it's been quite some time." Later during the trial, the paramedic testified that he treated the complainant for "sexual assault." That testimony did not draw an objection.

Defense counsel did not object to the paramedic's testimony regarding an assault. He objected to the question involving the *type of assault* for which the paramedic had been called to the scene. He did not seek a running objection, and evidence of the type of assault came in later during the trial without an objection. Defense counsel, moreover, did not argue that his rights under the Confrontation Clause were violated. Therefore, appellant did not preserve this complaint for

2

appeal. *See Taylor*, 572 S.W.3d at 822; *Ayala*, 267 S.W.3d at 437. We overrule appellant's sole issue.


/s/      Frances Bourliot
               Justice


Panel consists of Justices Christopher, Bourliot, and Hassan.

Do Not Publish — TEX. R. APP. P. 47.2(b).